PHILLIP A. TALBERT
Acting United States Attorney
KAREN A. ESCOBAR
HENRY Z. CARBAJAL III
ALYSON A. BERG
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00286-DAD-BAM |
| Plaintiff, | STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |
| v. | |
| RAMSEY JERIES FARRAJ, and MAJED BASHIR AKROUSH, aka Mike Akroush, aka Magic Mike, | |
| Defendants. | |
| FIRYAL AKROUSH, MATHEW AKROUSH, MICHELLE AKROUSH, and MICHAEL AKROUSH, | |
| Petitioners. | |

IT IS HEREBY STIPULATED by and between Plaintiff United States of America and petitioners Firyal Akroush, Mathew Akroush, Michelle Akroush, and Michael Akroush (hereafter "Petitioners"), to compromise and settle their interest in the following property (hereafter, the "Subject Property"), and to consent to the entry of a Final Order of Forfeiture as to the following assets pursuant to Fed. R. Crim. P. 32.2 and 31 U.S.C. § 5317(c)(1):

    a. Real property located at 12348 Lene Place, Bakersfield, Kern County, California, APN: 387-150-05-00-9;

STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON      1

    b. Real property located at 12208 Vista Montana Drive, Bakersfield, Kern County, California, APN: 387-310-06-00-8;

    c. Real property located at 4872 West 140th Street, Hawthorne, Los Angeles County, California, APN: 4147-021-020[1];

    d. Approximately $50,015.94 seized from Wells Fargo Bank account #1890335381, held in the names of Majed Akroush and Firyal Akroush;

    e. The domain name and website hosted at www.bluewhalestore.com;

    f. The domain name and website hosted at www.worldofincense.com;

    g. Approximately $199,181.00 in U.S. Currency;

    h. Approximately $33,460.00 in U.S. Currency seized from Citibank safe deposit box #1023-5, held in the names of Majed Akroush and Firyal Akroush;

    i. Approximately $200,000.00 in U.S. Currency seized from Citibank safe deposit box #3511-7, held in the names of Majed Akroush and Firyal Akroush;

    j. Approximately $39,000.00 seized from Wells Fargo Bank account #9374809227, held in the name of A/Z Inc. dba A to Z Auto Sales;

    k. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375519, held in the names of Mathew Akroush and Firyal Akroush;

    l. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375493, held in the name of Michelle Akroush;

    m. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375501, held in the name of Michael Akroush;

    n. One Rolex Oyster Perpetual Cosmograph Watch; and,

    o. 1962 Chevrolet Impala, VIN: 21867B189452.

This Stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On May 3, 2017, Ramsey Jeries Farraj entered into a plea agreement in which he pled guilty to Count Seven of the Indictment, which charged Structuring Conspiracy in violation of 18 U.S.C. § 371. The Court entered a Preliminary Order of Forfeiture[2] on May 23,

---

[1] Neither defendant Majed Akroush, Ramsey Farraj, nor the Petitioners have an identifiable interest in this asset. However, since it is listed in the Preliminary Order of Forfeiture as to defendant Farraj, the asset will be stated here merely as a formality. The final forfeiture of this asset is adjudicated in the Final Order of Forfeiture as to defendant Haitham Habash.

[2] The government does not believe Farraj has an identifiable interest in any of the assets listed herein, but to the extent that he has any interest, this stipulation shall include and dispense with his potential interest, if any.

1  2017, for the above-listed assets.

2      2.    On February 14, 2020, Majed Akroush entered into a plea agreement in which he pled guilty to Count Four of the Superseding Indictment, which charged Structuring Conspiracy in violation of 18 U.S.C. § 371.  The Court entered a Preliminary Order of Forfeiture on March 3, 2020, for assets (a), (d), (g), (h), (i), (k), (l), (m), and (o), listed above.

3.  Pursuant to 31 U.S.C. § 5317(c)(1)(B), incorporating 21 U.S.C. § 853(n), and Local Rule 171, beginning on June 28, 2017, and again on July 3, 2020, for at least thirty (30) consecutive days, the United States published notice of the Court's Orders of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notices advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  Declarations of Publication were filed on August 10, 2020.

4.  On July 21, 2017, Firyal Akroush, Mathew Akroush, Michelle Akroush, and Michael Akroush filed an ancillary petition which claimed an interest to assets (a), (b), (d), (g), (h), (f), (k), (l) – (m), and (o), listed above.

5.  No other third party has filed a claim to the Subject Property and the time for any person or entity to file a claim has expired.

6.  On August 5, 2020, the United States returned approximately $8,718.00 in U.S. Currency to Majed Akroush, through his counsel of record.  On August 10, 2020, the United States returned the Rolex Oyster Perpetual Cosmograph Watch (asset (n)) to Majed Akroush, through his counsel of record.

7.  The parties hereby stipulate that Firyal Akroush, Mathew Akroush, Michelle Akroush, and Michael Akroush each have a legal right, title, or interest in the Subject Property, and that such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for Petitioners' respective interests because such interests were vested in them rather than the defendants at the time of the commission of the acts which give rise to the forfeiture of the property.  *See* 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(n).

8. The parties further stipulate, however, that Majed Akroush has an undivided ownership interest in the above-listed Subject Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest. The parties stipulate that Ramsey Farraj has a purported ownership interest in the above-listed Subject Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest, if any.

9. Upon entry of a Final Order of Forfeiture, the following property shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(1), to be disposed of according to law:

   a. Approximately $50,015.94 seized from Wells Fargo Bank account #1890335381, held in the names of Majed Akroush and Firyal Akroush;

   b. The domain name and website hosted at www.bluewhalestore.com;

   c. The domain name and website hosted at www.worldofincense.com;

   d. Approximately $199,181.00 in U.S. Currency;

   e. Approximately $33,460.00 in U.S. Currency seized from Citibank safe deposit box #1023-5, held in the names of Majed Akroush and Firyal Akroush;

   f. Approximately $200,000.00 in U.S. Currency seized from Citibank safe deposit box #3511-7, held in the names of Majed Akroush and Firyal Akroush;

   g. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375519, held in the names of Mathew Akroush and Firyal Akroush;

   h. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375493, held in the name of Michelle Akroush;

   i. Approximately $19,800.00 seized from Wells Fargo Bank account #1404375501, held in the name of Michael Akroush; and,

   j. 1962 Chevrolet Impala, VIN: 21867B189452.

10. Upon entry of a Final Order of Forfeiture, but no later than 60 days thereafter, the approximately $39,000.00 seized from Wells Fargo Bank account #9374809227, held in the name of A/Z Inc. dba A to Z Auto Sales shall be returned to Majed Bashir Akroush through his counsel of record, Marc Days.

11. Upon entry of a Final Order of Forfeiture, but no later than 60 days thereafter, the United States shall withdraw the *lis pendens* recorded against the real property located at

STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON      4

12208 Vista Montana Drive, Bakersfield, Kern County, California, APN: 387-310-06-00-8 and the real property located at 12348 Lene Place, Bakersfield, Kern County, California, APN: 387-150-05-00-9.

12. The withdrawal of the *lis pendens on the two real properties identified in paragraph 11* shall be in full settlement and satisfaction of all claims and petitions by Firyal Akroush, Mathew Akroush, Michelle Akroush, and Michael Akroush to the Subject Property indicted by the Grand Jury for the Eastern District of California on or about February 21, 2019, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Subject Property.

13. Upon issuance of this Final Order of Forfeiture, Petitioners agree to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the government's actions against and relating to the Subject Property. As against the United States and its agents, Petitioners agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

14. Petitioners understand and agree that by entering into this stipulation of their interest in the Subject Property, they waive any right to litigate further their interest in the Subject Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

15. Petitioners understand and agree that the United States reserves the right to void the stipulation if the U.S. Attorney obtains new information indicating that Petitioners are not "innocent owners" pursuant to the applicable forfeiture statutes. In that event, the government

1  shall promptly notify Petitioners of such action.

2       16.    Each party agrees to bear their own attorney's fees and costs, except as
3  otherwise set forth herein.

4       17.    Payment to Majed Bashir Akroush pursuant to this stipulation is contingent
5  upon forfeiture of the Subject Property to the United States, the United States' prevailing
6  against any additional third parties alleging claims in an ancillary proceeding, and the Court's
7  entry of a Final Order of Forfeiture.  Further, the terms of this stipulation shall be subject to
8  approval by the United States District Court.  Violation of any term or condition herein shall be
9  construed as a violation of an order of the Court.

10      18.    The Court shall maintain jurisdiction over this matter to, inter alia, enforce the
11 terms of this stipulation.

12 Date:  August 30, 2021                                PHILLIP A. TALBERT
13                                                               Acting United States Attorney

14                                                           /s/ Alyson A. Berg
15                                                          KAREN A. ESCOBAR
                                                         ALYSON A. BERG
16                                                          Assistant U.S. Attorneys

17 Date:  8-16-2021                                          /s/ Firyal Akroush
18                                                          FIRYAL AKROUSH
                                                         Petitioner
19                                                          (Original signature retained by attorney)

20 Date:  8-16-2021                                          /s/ Mathew Akroush
21                                                          MATHEW AKROUSH
                                                         Petitioner
22                                                          (Original signature retained by attorney)

23 Date:  8-16-2021                                          /s/ Michelle Akroush
                                                         MICHELLE AKROUSH
24                                                          Petitioner
                                                         (Original signature retained by attorney)
25

26 Date:  8-16-2021                                          /s/ Michael Akroush
                                                         MICHAEL AKROUSH
27                                                          Petitioner
                                                         (Original signature retained by attorney)
28

Date: 8-16-2021                          /s/ Kevin G. Little
                                         KEVIN G. LITTLE
                                         Attorney for Petitioner
                                         Firyal Akroush
                                         (Original signature retained by attorney)

Date: 8-17-2021                          /s/ Virna L. Santos
                                         VIRNA L. SANTOS
                                         Attorney for Petitioners
                                         Mathew Akroush, Michelle Akroush, and
                                         Michael Akroush
                                         (Original signature retained by attorney)

## ORDER

The Court having received, read, and considered the foregoing stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties Stipulated Settlement.

IT IS SO ORDERED.

Dated:   **August 30, 2021**                    _Dale A. Drozd_
                                                UNITED STATES DISTRICT JUDGE