UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America., <br>     Plaintiff, <br> vs. <br> MAJED BASHIR AKROUSH., <br>     Defendant. | 1:15-cr-286-ADA-BAM <br><br> ORDER DENYING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br> (ECF No. 610) |

On June 15, 2020, this Court sentenced Defendant, Majed Bashir Akroush ("Defendant" or "Mr. Akroush"), to 33 months in prison followed by 36 months of supervised release. Defendant pleaded guilty to a violation of 18 U.S.C § 371 felony conspiracy to Structure Transactions to Evade Reported Requirement. (ECF Nos. 504, 544.) Defendant also had a prior conviction related to possession of a controlled substance for sale, for which he served a custodial sentence. (ECF No. 515 at § 81.) Defendant's term of supervised release for the present conviction began on January 14, 2022. (ECF No. 610; ECF No. 614 at 1 (stating that Defendant completed one year of supervised release on January 14, 2023).) Defendant now moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 610.) The Government and Probation both oppose

Defendant's request for early termination.[1] (ECF Nos. 612, 614.) For the reasons explained below, the Court denies Defendant's motion.

### I.     Legal Standard

18 U.S.C. § 3583(e) governs the early termination of supervised release by requiring the court to consider the sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Those factors include: "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). 18 U.S.C. 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) ("A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.") "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). A district court also need not find undue hardship or exceptional circumstances to terminate supervised release. See *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

In general, the court must hold a hearing before modifying conditions of probation or supervised release. Fed. R. Cim Proc 32.1(c). Accordingly, the Court held a hearing on March 6, 2023.

---

[1] Defendant states that the United States Probation Office "is not opposed to Mr. Akroush's petition for early termination of supervised released," but provides no evidence in support of this statement. (ECF No. 610 at 3.) To the contrary, the Defendant's probation officer filed a statement in opposition of Defendant's request and stated his opposition during a hearing on this motion on March 6, 2023. (ECF No. 614.)

**II.     Discussion**

To date, Defendant has completed just over one year of his three-year term of supervised release. Defendant urges this Court to terminate his supervised release term because of his compliance with Court orders pertaining to this case and his desire to "reconnect" with family and receive medical care in Jordan. (ECF No. 610 at 3.) Defendant represents that he has spent nearly 57 months on pretrial supervision without incident in addition to the 16 months since his release from custody that he has spent at a halfway house or on post-conviction supervised release, has paid the full Court ordered fine and special assessment, completed a 500 hour Substance Abuse Treatment Program, and — upon receipt of travel permission during this term of supervised release, — traveled to Jordan to visit his family. (ECF Nos. 610 at 3; 615 at 3-4.) Defendant seeks to terminate supervised release to "stay long term in Jordan and reconnect with numerous family members of his and his wife's family, most notably those in the last stages of life," and finish certain dental procedures — which Defendant contends are more affordable than in the United States — that were started when he last visited Jordan. (ECF No. 610 at 3.)

The Government and Probation oppose Defendant's motion. (ECF Nos. 612, 614.) They do not dispute Mr. Akroush's compliance with the conditions of his supervision but argue that his circumstances do not justify early termination under the statutory factors that the Court must consider. (ECF Nos. 612 at 8-10; 614 at 1.) Both the Government and Probation argue that by complying with his conditions of supervised release, Mr. Akroush has simply satisfied the minimum threshold of being on supervised release and not met his burden to show that early termination is warranted. (ECF Nos. 612 at 10; 614 at 1). Both also point to Mr. Akroush's lack of employment to contend that he has not provided additional justification for early termination of his supervised release term. (*Id.*) The Government further argues that that these circumstances do not show "unanticipated change" to warrant early termination. (ECF No. 612 at 8.)

The Government contends that terminating Mr. Akroush's supervised release will not serve the need for deterrence or the need to protect the public as required under the 18 U.S.C. § 3553(a) factors. Specifically, they allege, the nature and circumstances of the offense for which Defendant is currently serving his sentence, — namely his benefiting financially from the sale of an

"exceptionally dangerous and addictive drug," — and his prior criminal conviction from 2004 for a similar drug possession, trafficking and structuring offense, counsel against early termination. (*Id.* at 8-9.) The Government states that "[D]efendant's long-running drug trafficking and structuring activities and the harm the Defendant's actions caused to the consumers of his dangerous products severely undercuts any argument that the Defendant's activities should not be monitored during the full term of supervised release." (*Id.* at 9.)

The Court recognizes and appreciates Mr. Akroush's efforts to comply with the terms and conditions of his custodial sentence and supervised release, and his desire to reunite with family. However, the Court finds that early termination of Mr. Akroush's supervised release is not appropriate. While Mr. Akroush need not show undue hardship or exceptional circumstances, he has not provided sufficient evidence that his post-release rehabilitation warrants early release.

Mr. Akroush's reliance on *Pepper v. U.S.,* 562 U.S. 476 (2011), to argue that his post-release rehabilitation justifies early termination of supervised release is unconvincing as the post-release rehabilitation demonstrated by the defendant in *Pepper* is considerably greater than that Mr. Akroush has demonstrated. There, when the defendant was first resentenced, he had "been drug free for nearly five years, had attended college and achieved high grades, was a top employee at his job slated for a promotion, had reestablished a relationship with his father, and was married and supporting his wife's daughter." *Pepper*, 562 U.S. at 492. In addition, after this resentencing and before the second, the defendant had steady employment, had completed a 500-hour drug treatment program, and maintained his drug-free condition. *Id.* The court found that the defendant's "exemplary post sentencing conduct may be taken as the most accurate indicator of 'his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him.'" *Id.* at 492-93 (quoting *Com. of Pa. ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55, 58 S. Ct. 59, 61, 82 L. Ed. 43 (1937)).

Here, unlike the defendant in *Pepper*, Mr. Akroush has not provided evidence of such conduct. The Court lauds Mr. Akroush's efforts to maintain sobriety and complete a drug treatment program. However, he has not provided any evidence of further rehabilitation or engagement with family or community life to show the district court's duty "to impose a sentence sufficient, but not

greater than necessary," complete. 18 U.S.C. 3553(a); *see also Pepper*, 562 U.S. at 493. Mr. Akroush is not employed and has not indicated that he has actively sought employment or sought to engage in the life of his immediate family or community in other ways. Rather, he has simply complied with the terms of his sentence and supervised release without incident. *Compare United States v. Sainz*, No. 11-CR-00640-BLF-3, 2022 WL 5052630, at *2 (N.D. Cal. Aug. 16, 2022) (granting defendant's opposed request for supervised release, where the defendant complied with all conditions of supervision, maintained his sobriety, purchased a home, began working as a contractor, and enrolled in contractor's licensing school, and where the supervised release term ultimately became an "impediment" toward the defendant obtaining his contractor's license), *and United States v. Cunningham,* No. 05CR2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014) (Burns, J.) (granting a defendant's opposed motion for early termination of supervised release, where the defendant complied with all terms of his sentence and supervised release, and performed extensive volunteer work in his community. The court noted that "[a]t some point, once justice has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again"), *with United States v. Bauer,* No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (denying a defendant's opposed request for early termination of supervised release, and stating that "compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate.")

The Court is concerned that based on Mr. Akroush's earlier criminal conviction for a similar offense, he is at risk of recidivism, and that terminating his supervised release will not serve the need for deterrence or the need to protect the public. In addition, though Mr. Akroush seeks to travel to Jordan to receive dental implants at a more affordable price, he does not provide any evidence to indicate why he cannot receive this medical care while on supervised release in the United States, or authority to show that elective medical care, is, indeed, a ground for early termination. Further, to the extent that Mr. Akroush wishes to travel to Jordan to visit extended family while on supervised release, he may continue to request permission to travel.

### III.  Conclusion

Based upon the foregoing, Defendant Majed Akroush's motion to terminate his previously imposed term of supervised release pursuant to 18 U.S.C. § 3583(e)(1), (ECF No. 610), is DENIED.

IT IS SO ORDERED.

Dated:   March 6, 2023

UNITED STATES DISTRICT JUDGE